1  MICHAEL C. MILLS, ESQ.
   Nevada Bar No. 003534
2  H. BRANDY HILL, ESQ.
   Nevada Bar No. 010898
3  MILLS & ASSOCIATES
   3650 N. Rancho Drive, Ste. 114
4  Las Vegas, Nevada 89130
   (702) 240-6060 Telephone
5  (702) 240-4267 Facsimile

6  *Attorneys for Plaintiff*
   *DTG OPERATIONS, INC.*
7  *d/b/a DOLLAR RENT A CAR*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DTG OPERATIONS, INC., d/b/a DOLLAR RENT A CAR, an Oklahoma corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD WAI LEUNG, an individual; JOHN D. MORRISON, an individual; TRISTAR RISK MANAGEMENT, a California corporation, and LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a government employer,<br><br>Defendants. | Case No.: 2:11-cv-00082-JCM-GWF |

### STIPULATED STATEMENTS OF FACT

### AND

### STIPULATED JUDGMENT

COME NOW Plaintiff DTG OPERATIONS, INC., d/b/a DOLLAR RENT A CAR, by and through its counsel of record, Michael C. Mills, Esq. and H. Brandy Hill, Esq. of the law firm of Mills & Associates; Defendant RICHARD WAI LEUNG by and through his counsel of record, William Kerry Skaggs, Esq. of the law office of William Kerry Skaggs, Defendant JOHN D. MORRISON by and through his counsel of record, Jonathan J.

Hansen, Esq. of the law firm of Hansen and Rasmussen, LLC, and Defendants TRISTAR RISK MANAGEMENT and LAS VEGAS METROPOLITAN POLICE DEPARTMENT by and through their counsel of record, Daniel L. Schwartz, Esq. and Marla R. Frederick, Esq. of the law firm of Lewis Brisbois Bisgaard & Smith, LLP, and hereby Stipulate and agree to the following Statement of Facts in support of a Stipulated Judgment:

IT IS HEREBY STIPULATED that 28 U.S.C. § 1332(a)(1) specifically confers jurisdiction upon this Court due to complete diversity of citizenship of the parties and the fact that the amount in controversy exceeds the statutory minimum. The Federal Declaratory Judgment Act is found at 28 U.S.C. §§ 2201-2202. An actual case and controversy exists between the parties and 28 U.S. C. § 1391(a)(2) states that Venue is proper as the subject matter of this action pertains t o insurance coverage.

IT IS FURTHER STIPULATED that Plaintiff DTG OPERATIONS, INC., d/b/a DOLLAR RENT A CAR (hereinafter "DTG") is and, at all times relevant herein, was a corporation organized under the laws of Oklahoma and was duly authorized to conduct business in the State of Nevada.

IT IS FURTHER STIPULATED that Defendant RICHARD WAI LEUNG (hereinafter "LEUNG") is and at all times relevant herein was a resident of Clark County, Nevada and at all times relevant herein was an employee of the Las Vegas Metropolitan Police Department.

IT IS FURTHER STIPULATED that Defendant JOHN D. MORRISON (hereinafter "MORRISON") is and at all times relevant herein was a resident of Clearwater, Florida located in Pinellas County.

IT IS FURTHER STIPULATED that Defendant TRISTAR RISK MANAGEMENT (hereinafter "TRISTAR") is and at all times relevant herein was a corporation organized under the laws of the State of California, duly authorized to conduct business in the State of Nevada and was the worker's compensation administrator of the Las Vegas Metropolitan Police Department at the time of the subject incident.

1   IT IS FURTHER STIPULATED that Defendant LAS VEGAS METROPOLITAN
2   POLICE DEPARTMENT (hereinafter "LVMPD") is and at all times relevant herein was a
3   political subdivision of the State of Nevada and a government employer.
4   IT IS FURTHER STIPULATED that on March 11, 2008, MORRISON rented a
5   vehicle (hereinafter "Rental Vehicle") from DTG.  In signing the Rental Agreement,
6   MORRISON represented that he had in effect a primary automobile insurance policy.
7   At the time of rental, DTG offered MORRISON the option to purchase Supplemental
8   Liability Insurance (hereinafter "SLI") which MORRISON declined to purchase.  The
9   Rental Agreement further provided that MORRISON and/or his primary insurance
10  company would defend and pay all third-party claims for bodily injury or property
11  damage arising from his use of the Rental Vehicle and would hold DTG harmless for the
12  same.
13  IT IS FURTHER STIPULATED that while operating the Rental Vehicle,
14  MORRISON collided with Las Vegas Metropolitan Police Officer LEUNG's stopped
15  police patrol vehicle, pushing the patrol vehicle forward, injuring LEUNG and a
16  pedestrian.  At the time of this incident, LEUNG was in the course and scope of his
17  duties of his employment with the Las Vegas Metropolitan Police Department.
18  IT IS FURTHER STIPULATED that LEUNG treated for his injuries, submitting
19  claim for the same to the Las Vegas Metropolitan Police Department worker's
20  compensation administrator TRISTAR and that TRISTAR paid medical, indemnity and
21  disability benefits pursuant to the worker's compensation policy.
22  IT IS FURTHER STIPULATED that on March 13, 2009, LEUNG filed a civil
23  complaint against MORRISON in the Eighth Judicial District Court, Case No. 09-A-
24  585180 (hereinafter "LEUNG suit"), alleging Negligence and Negligence Per Se.
25  MORRISON submitted a claim to his the underwriter for his primary Florida insurance
26  policy, Progressive American Insurance Company, requesting liability indemnity and a
27  defense in the LEUNG suit.  Progressive denied MORRISON's request for both
28  indemnity and a defense stating the policy did not provide coverage for Rental Vehicles.

IT IS FURTHER STIPULATED that on the date of loss, DTG held a Certificate of Self Insurance issued by Nevada's Division of Insurance that satisfied the minimum coverage requirements of the Nevada Financial Responsibility law, N.R.S. 485.3091, and Nevada Revised Statute 482.305. The certificate provided bodily injury liability coverage in the amount of $15,000.00 per person / $30,000.00 per accident, and $10,000.00 in property damage liability coverage. The Certificate of Self-Insurance did not contemplate, nor does it include, a duty to defend provision.

IT IS FURTHER STIPULATED that after Progressive denied his claim, MORRISON tendered to DTG the defense in the "LEUNG suit" and requested that DTG indemnify him for any judgment that may from the "LEUNG suit." DTG declined the tender of defense for several reasons: MORRISON chose not to purchase SLI coverage from DTG at the time of rental; neither the Rental Agreement nor the Certificate of Self Insurance contain language that could be interpreted so as to obligate DTG to provide MORRISON a defense, and no other Nevada law creates, implies, or obligates DTG to defend MORRISON.

IT IS FURTHER STIPULATED that TRISTAR has a right of subrogation for benefits provided to LEUNG. Pursuant to N.R.S. 616C.215, TRISTAR has a right to recover from a tortfeasor any monetary benefits paid to or on behalf of LEUNG for treatment of injuries sustained as a result of the March 12, 2008 accident and for which worker's compensation provided coverage.

IT IS FURTHER STIPULATED that LVMPD has certain rights of recovery against regarding monetary recovery by or on behalf of LENUG for treatment of injuries arising from the March 12, 2008 for which TRISTAR provided worker's compensation coverage.

IT IS FURTHER STIPULATED that LVMPD dismissed Eighth Judicial District Court, Case No. 10-A-611891 filed against MORRISON and LVMPD relinquished any and all further claims or causes of action it may have against MORRISON or DTG related to the March 12, 2008 accident.

STIPULATED JUDGMENT
PAGE 4 OF 9

1   IT IS FURTHER STIPULATED that in his defense of the "LEUNG suit"
2   MORRISON denied liability and defended his actions by alleging among other things
3   that LEUNG's negligence exceeded that of his therefore that LEUNG was prevented
4   from recovering from MORRISON due to the effect of N.R.S. 41.141.
5   IT IS FURTHER STIPULATED that in light of the competing claims of the parties
6   that Defendant DTG determined to file the subject Complaint with this court seeking
7   deny any further claim to the $15,000.00 limit provided in the Certificate of Self
8   Insurance and to obtain from the court declaratory relief that it owed any duty to defend
9   MORRISON in the LEUNG suit.
10  IT IS FURTHER STIPULATED that the parties to this action have agreed upon a
11  global settlement to dispose of all claims and actions among the undersigned parties
12  pursuant to the following terms and conditions:
13  1.   DTG shall pay to LEUNG sum of Fifteen Thousand Dollars ($15,000.00)
14  pursuant to coverage provided by its Certificate of Self Insurance;
15  2.   In addition to the Fifteen Thousand Dollars ($15,000.00) mentioned in
16  paragraph 1, MORRISON shall pay to LEUNG the sum of Five Thousand Dollars
17  ($5,000.00);
18  3.   That TRISTAR and LVMPD agree to accept a divided share of the total
19  proceeds paid to LEUNG and otherwise release the undersigned from any further
20  claims or liability relating to the March 12, 2008 accident;
21  4.   That in exchange for those payments, LEUNG shall execute a Release of All
22  Claims regarding Case No. 09-A-585180 and any claims arising from the March 12,
23  2008 accident involving any of the undersigned parties;
24  5.   That in exchange for its payment to LEUNG, the undersigned will execute a
25  Satisfaction of Judgment in favor of DTG and its release of any and all claims against
26  the undersigned arising from the March 12, 2008 accident;
27  6.   That the undersigned are bound by the spirit and letter of each Stipulated
28  Statement contained herein regarding claims arising from the March 12, 2008 accident;

7.  That this Judgment operates as the Court's declaratory finding that DTG owes no duty to MORRISON to defend or further indemnify with respect to any claim arising from the March 12, 2008 accident, and that the undersigned parties acknowledge that DTG will pay to LEUNG its policy limit of $15,000 in lieu of interpleading said funds with the Court; and

8.  That the each party shall execute a Satisfaction of Judgment as an acknowledgment that every term, condition, agreement, and stipulation contained herein is settled or otherwise; and

9.  That this matter shall be dismissed with prejudice after entry of the aforementioned Satisfaction of Judgment.

## ORDER

Having reviewed the Stipulated Statements of Fact set forth herein, and all papers and pleadings on file, and for good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that DTG has no duty to defend MORRISON in Case No. 09-A-585180 or in any other matter, claim or cause of action arising from the March 12, 2008 motor vehicle accident;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each party shall be responsible for its respective attorneys' fees and costs associated with any claims or actions arising from the March 12, 2008 motor vehicle accident;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that pursuant to the execution of these Stipulated Statements of Fact and Stipulated Judgment, LEUNG will provide a Release of Claims in favor of MORRISON in consideration for Five Thousand ($5,000.00) paid by MORRISON to LEUNG;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon MORRISON's payment to LEUNG, LEUNG will hold MORRISON harmless for any claims or events in Case No. 09-A-585180 or in any other matter or claim arising from the March 12, 2008 accident.

///

1    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that DTG shall pay to
2 LEUNG the sum of Fifteen Thousand Dollars ($15,000.00);
3    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon DTG's
4 payment to LEUNG, it has no further duties or obligations to any party named herein or
5 referred to in this or any other action or claim resulting from the March 12, 2008 motor
6 vehicle accident;
7    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Judgment
8 and Order shall forever discharging DTG, it executors, administrators, and assigns, from
9 any and all claims, causes of action, demand or other costs arising from the March 12,
10 2008 accident;
11    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that DTG shall not
12 pursue any cause of action or claim against MORRISON for breach of contract or any
13 other cause of action arising from the March 12, 2008 accident;
14    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants, and
15 each of them, are enjoined from making any settlement demands or bringing any other
16 claims for relief against any other party named in this or any existing underlying lawsuit
17 regarding any claims arising from the March 12, 2008 accident as of entry of this Order;
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each party
2   acknowledges adequate consideration as and for the release of claims, indemnification,
3   and dismissal of the underlying actions described herein; and
4   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the each party
5   shall execute a Satisfaction of Judgment regarding stipulations and findings contained
6   herein and that upon entry of said Satisfaction of Judgment, this matter, Case No.:
7   2:11-cv-00082-JCM-GWF, may be dismissed by the Court with Prejudice.

Dated: ~~May~~ June 9, 2011

MILLS & ASSOCIATES

_____
MICHAEL C. MILLS, ESQ.
Nevada Bar No. 003534
H. BRANDY HILL, ESQ.
Nevada Bar No. 010898
MILLS & ASSOCIATES
3650 N. Rancho Drive, Suite 114
Las Vegas, Nevada 89130

*Attorneys for Plaintiff*
*DTG OPERATIONS, INC. d/b/a*
*DOLLAR RENT A CAR*

Dated: May 27th, 2011

HANSEN & RASMUSSEN, LLC

_____
JONATHAN J. HANSEN, ESQ.
Nevada Bar No. 007002
HANSEN & RASMUSSEN, LLC
1835 Village Center Circle
Las Vegas, Nevada 89134

*Attorney for Defendant*
*JOHN D. MORRISON*

Dated: ~~May~~ June 3, 2011

LAW OFFICE OF WILLIAM KERRY SKAGGS

_____
WILLIAM KERRY SKAGGS, ESQ.
Nevada Bar No. 005782
LAW OFFICE OF WILLIAM KERRY SKAGGS
808 South Seventh Street
Las Vegas, Nevada 89101

*Attorney for Defendant*
*RICHARD WAI LEUNG*

Dated: ~~May~~ June 2, 2011

LEWIS BRISBOIS BISGAARD & SMITH, LLP

_____
DANIEL L. SCHWARTZ, ESQ.
Nevada Bar No. 005125
MARLA R. FREDERICK, ESQ.
Nevada Bar No. 009019
400 S. Fourth Street, Suite 500
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*TRISTAR RISK MANAGEMENT*

27  ///
28  ///

1 | Dated: June 2, 2011
2 | LEWIS BRISBOIS BISGAARD & SMITH, LLP
3 |
4 | _/s/ Marla Frederick_
    DANIEL L. SCHWARTZ, ESQ.
    Nevada Bar No. 005125
5 | MARLA R. FREDERICK, ESQ.
    Nevada Bar No. 009019
6 | 400 S. Fourth Street, Suite 500
    Las Vegas, Nevada 89101
7 |
    Attorneys for Defendant
8 | LAS VEGAS METROPOLITAN POLICE DEPARTMENT

**JUDGMENT IS SO ORDERED.**

DATED: This 20th day of June, 2011.

_/s/ James C. Mahan_
Honorable Judge James C. Mahan
U.S. District Court, District of Nevada